UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TWENTY PARK PLAZA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>THE GOVERNMENT OF ISRAEL,<br>ACTING BY AND THROUGH THE<br>COUNSEL GENERAL OF ISRAEL TO<br>NEW ENGLAND,<br><br>    Defendant. | Docket No. 26-11085 |

**NOTICE OF REMOVAL**

Defendant State of Israel ("Israel"), named herein as "The Government of Israel, Acting by the Through the Counsel General of Israel to New England," respectfully submits this notice of removal.

On February 5, 2026, Plaintiff Twenty Park Plaza, LLC ("Plaintiff") filed Civil Action No. 2684-cv-00358 in Suffolk County, Massachusetts Superior Court (the "State Court Action"). Israel now exercises its right under Foreign Sovereign Immunities Act (the "FSIA") to remove that action to this Court.

The FSIA "guarantees foreign states the right to remove <u>any</u> civil action from a state court to a federal court." *Verlinden B.V. v. Cent. Bank of Nigeria,* 461 U.S. 480, 489 (1983) (emphasis added). In relevant part, the FSIA provides that "Any civil action brought in a State court against a foreign state as defined in section 1603(a) of this title may be removed by the foreign state to the district court of the United States for the district and division embracing the

place where such action is pending. Upon removal the action shall be tried by the court without jury." 28 U.S.C. § 1441(d) (emphasis added).

Unlike in cases against non-sovereign defendants, removal of this case is not conditioned on the Court having original jurisdiction.[1] *Compare* 28 U.S.C. § 1441(a), (b), (c) *with* § 1441(d). Instead, there are only two requirements for removal under § 1441(d): (1) that the suit name a "foreign state" as defined in 28 U.S.C. § 1603(a); and (2) that the foreign state timely seeks removal.[2] Both of these criteria are met here.

## I.    ISRAEL IS A FOREIGN STATE UNDER 28 U.S.C. § 1603(A).

Somewhat opaquely, Plaintiff's Complaint names "The Government of Israel, acting by the through the Counsel General of Israel to the United States" and describes this defendant as "an *extension* of the foreign state of Israel." Ex. B, ¶ 9 (emphasis added). The actual defendant is Israel itself.

The FSIA broadly defines "foreign state." 28 U.S.C. § 1603. Moreover, courts consistently recognize that suits against diplomatic missions are suits against the state itself. *Underwood v. United Republic of Tanzania*, 1995 WL 46383 (D.D.C. Jan. 27, 1995) ("as a matter of law, the embassy of a sovereign nation is a foreign state"); *Gray v. Permanent Mission of People's Republic of Congo*, 443 F.Supp. 816, 819 (S.D.N.Y.), *aff'd*, 580 F.2d 1044 (2d Cir.

---

[1] Likewise, a foreign sovereign's removal of a case to federal court does not constitute consent to jurisdiction or waiver of foreign sovereign immunity. 28 U.S.C. § 1330(c); *Rodriguez v. Transnave Inc.*, 8 F.3d 284, 289 (5th Cir. 1993) ("[R]emoval by a foreign sovereign is explicitly authorized by 28 U.S.C. 1441(d) and clearly cannot constitute waiver"). Israel reserves, and does not waive, all defenses including its sovereign immunity and the immunity of its assets under the Foreign Sovereign Immunities Act, The Vienna Convention on Diplomatic Relations, federal and law, and international law.

[2] In accordance with 28 U.S.C. § 1446(a), the entire docket in the State Court Action is attached here as follows: Exhibit A is the docket sheet; Exhibit B is Plaintiff's Complaint and its supporting exhibits; Exhibit C is the Business Litigation Session ("BLS") Civil Action Cover Sheet; Exhibit D is a notice that the case was accepted into the BLS; and Exhibit E is Israel's Acceptance of Service. There have been no other filings in the State Court Action.

1978) (table decision) ("There can be no doubt that the Congo Mission is a foreign state within the meaning of [the FSIA]."); *Joseph v. Off. of Consulate Gen. of Nigeria*, 830 F.2d 1018, 1021 (9th Cir. 1987) ("The Consulate… qualifies as a "foreign state" under the FSIA.")

Accordingly, this action names a foreign state as a defendant and is therefore removable under 28 U.S.C. § 1441(d).

II.     REMOVAL IS TIMELY UNDER 28 U.S.C. § 1446(B)(1).

The State Court Action was filed on February 5, 2026 and removed on March 3, 2026. Accordingly, this Notice of Removal was filed within the thirty-day deadline imposed by 28 U.S.C. § 1446(b)(1).

## CONCLUSION

WHEREFORE, Isreal requests the action commenced against it in the Suffolk County, Massachusetts Superior Court be removed to this Honorable Court pursuant to 28 U.S.C. § 1441(d).

Respectfully submitted,

**DEFENDANT STATE OF ISRAEL,**

By its Counsel,

*/s/ Robert M. Shaw*
Robert M. Shaw (BBO No. 669664)
Gordon P. Katz (BBO No. 261080)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
robert.shaw@hklaw.com
gordon.katz@hklaw.com
617-523-2700

DATED: March 3, 2026

**CERTIFICATE OF SERVICE**

    I hereby certify that today, March 3, 2026, I caused a true copy of the foregoing to be served via e-mail upon counsel for the plaintiff addressed as follows:

    Matthew Knowles, Esq. (*mknowles@mcdermottlaw.com*)
    Audrey McQuade (*amcquade@mcdermottlaw.com*)
    MCDERMOTT WILL & SCHULTE LLP

    */s/ Robert M. Shaw*
    Robert M. Shaw