**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

TWENTY PARK PLAZA, LLC,

          *Plaintiff,*

v.

THE GOVERNMENT OF ISRAEL,
ACTING BY AND THROUGH THE
CONSUL GENERAL OF ISRAEL TO
NEW ENGLAND,

          *Defendant.*

Docket No. 26-11085-LTS

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COUNTERCLAIMS OF
DEFENDANT-IN-COUNTERCLAIM TWENTY PARK PLAZA, LLC**

Defendant-in-counterclaim Twenty Park Plaza, LLC ("Landlord") answers and responds

to plaintiff-in-counterclaim The Government of Israel, Acting by and Through the Consul General

of Israel to New England's (the "Consulate") Counterclaims.

In this Answer, Landlord uses the headings set forth in the Counterclaims for convenience

and ease of reference, and not because Landlord admits the truth of any assertions, express or

implied, that may be contained in those headings.  For the avoidance of doubt, Landlord denies

any and all statements in the Counterclaims' section headings, or otherwise made outside the

Paragraphs therein. As to the allegations stated in the numbered paragraphs of the Counterclaims,

Landlord hereby answers and responds as follows:

**ISRAEL'S COUNTERCLAIMS AGAINST LANDLORD**

1.      Admitted that the parties entered a lease on this date; as to whether this was the first

lease between the parties regarding the subject Premises, the Landlord lacks knowledge or

information sufficient to form a belief about the truth of the allegations, and therefore denies them.

1

2.      The allegations set forth in Paragraph 2 reference the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 2 are inconsistent with or contradictory to the terms of the Lease, they are denied.

3.      The allegations set forth in Paragraph 3 reference the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 3 are inconsistent with or contradictory to the terms of the Lease, they are denied.

4.      The allegations set forth in Paragraph 4 reference the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 4 are inconsistent with or contradictory to the terms of the Lease, they are denied.

5.      Denied.

6.      Admitted that the Consulate made substantial renovations and alterations to the Premises throughout its tenancy. Otherwise, denied. Answering further, many alterations were kept confidential for security reasons,  and are therefore unknown to the Landlord. The full nature and details of all the alterations over the course of the Consulate's tenancy were not shared with, or approved by, the Landlord.

7.      The allegations set forth in Paragraph 7 reference the Third Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 7 are inconsistent with or contradictory to the terms of the Third Amendment to the Lease, they are denied.

2

8.      The allegations set forth in Paragraph 8 reference the Third Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 8 are inconsistent with or contradictory to the terms of the Third Amendment to the Lease, they are denied.

9.      The allegations set forth in Paragraph 9 reference the Third Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 9 are inconsistent with or contradictory to the terms of the Third Amendment to the Lease, they are denied.

10.     Denied.

11.     The allegations set forth in Paragraph 11 reference the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 11 are inconsistent with or contradictory to the terms of the Lease, they are denied.

12.     The allegations set forth in Paragraph 12 reference the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 12 are inconsistent with or contradictory to the terms of the Lease, they are denied.

13.     Denied.

14.     Denied.

15.     The allegations set forth in Paragraph 15 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 15 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

16.     The allegations set forth in Paragraph 16 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 16 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

17.     The allegations set forth in Paragraph 17 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 17 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

18.     The allegations set forth in Paragraph 18 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 18 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

19.     The allegations set forth in Paragraph 19 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 19 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

20.     The allegations set forth in Paragraph 20 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 20 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

21.     The allegations set forth in Paragraph 21 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To

the extent the allegations set forth in Paragraph 21 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

22. The allegations set forth in Paragraph 22 reference the Seventh Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. To the extent the allegations set forth in Paragraph 22 are inconsistent with or contradictory to the terms of the Seventh Amendment to the Lease, they are denied.

23. Denied. Further Answering, the Seventh Amendment to the Lease states, "This Amendment is fully integrated and represents the entire agreement between the Landlord and Tenant concerning the matters expressed herein."

24. The Landlord is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 24 of the Counterclaims and therefore denies them.

25. The Landlord is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 25 of the Counterclaims and therefore denies them.

26. Denied.

27. Denied. Further Answering, the Seventh Amendment to the Lease states, "This Amendment is fully integrated and represents the entire agreement between the Landlord and Tenant concerning the matters expressed herein."

28. Denied.

29. Denied.

30. Denied.

31. The document referenced is not attached to the counterclaim, notwithstanding the assertion that it is. The allegations in this paragraph are denied on that basis.

32.     The allegations set forth in Paragraph 32 reference the Proposed Eighth Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. The document in question is not attached. To the extent the allegations set forth in Paragraph 32 are inconsistent with or contradictory to the terms of that document, they are denied.  Further answering, the Proposed Eighth Amendment was drafted at the Consulate's request, but was never executed and therefore has no force or effect.

33.     The allegations set forth in Paragraph 33 reference the Proposed Eighth Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. The document in question is not attached. To the extent the allegations set forth in Paragraph 33 are inconsistent with or contradictory to the terms of that document, they are denied.  Further answering, the Proposed Eighth Amendment was drafted at the Consulate's request, but was never executed and therefore has no force or effect.

34.     The allegations set forth in Paragraph 34 reference the Proposed Eighth Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. The document in question is not attached. To the extent the allegations set forth in Paragraph 34 are inconsistent with or contradictory to the terms of that document, they are denied.  Further answering, the Proposed Eighth Amendment was drafted at the Consulate's request, but was never executed and therefore has no force or effect.

35.     The allegations set forth in Paragraph 35 reference the Proposed Eighth Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. The document in question is not attached. To the extent the allegations set forth in Paragraph 35 are inconsistent with or contradictory to the terms of that document, they are

denied. Further answering, the Proposed Eighth Amendment was drafted at the Consulate's request, but was never executed and therefore has no force or effect.

36.    The allegations set forth in Paragraph 36 reference the Proposed Eighth Amendment to the Lease, which is a written document that speaks for itself, and therefore no response is required. The document in question is not attached. To the extent the allegations set forth in Paragraph 36 are inconsistent with or contradictory to the terms of that document, they are denied.  Further answering, the Proposed Eighth Amendment was drafted at the Consulate's request, but was never executed and therefore has no force or effect.

37.    Admitted.

38.    Denied.

39.    The Landlord denies the allegation that "Boston continues to suffer from high commercial vacancy rates" which is vague, conclusory, and undefined as to time period, geographic scope, and metric.  The Landlord further denies any implication that such conditions are applicable to Landlord's properties.

40.    The Landlord is without sufficient knowledge to either admit or deny the allegations set forth in Paragraph 40 of the Counterclaims and therefore denies them.

41.    Admitted.

42.    Denied.

43.    Denied.

44.    Admitted.

45.    Denied.

46.    Denied.

47.    Admitted that the Consulate remains obligated to pay rent as a holdover tenant at the Premises. Further answering, by signing Amendment 7 to the Lease, the Consulate agreed to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors."  Otherwise, denied.

48.    Denied.

49.    Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied.

50.    Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied.

51.    Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied.

52. Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied.

53. Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied.

54. Admitted that the Consulate is required to "remove all Tenant Alterations from the Premises and restore all impacted areas to a reasonable, ready to re-lease, physical condition using materials, finishes, and colors that have been approved by the Landlord and that result in the entire Premises, after restoration, being of uniform materials, finishes, and colors" under the terms of Amendment 7 to the Lease. Otherwise, denied. To the extent this paragraph references settlement communications between the parties, the Landlord asserts that they should be stricken from the pleading under the standards set out in Federal Rule of Civil Procedure 12(f).

55. Denied.

56. The allegations set forth in Paragraph 56 of the Counterclaims contain legal conclusions to which no response is required. Otherwise, denied.

57. The allegations set forth in Paragraph 57 of the Counterclaims contain legal conclusions to which no response is required. Otherwise, denied.

## COUNTERCLAIM COUNT I
## VIOLATION OF CHAPTER 93A, §§ 2, 11

58.    Landlord restates and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

59.    Admitted.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

## COUNTERCLAIM COUNT II
## DECLARATORY RELIEF

66.    Landlord restates and incorporates by reference its answers to the preceding paragraphs as if fully set forth herein.

67.    Landlord admits that there is an actual controversy between Landlord and the Consulate with respect to the required restoration work, and whether the Consulate remains a tenant at sufferance owing rent to the Landlord. Otherwise, denied.

68.    Denied.

69.    Denied that this statement accurately describes the contract in question or that it would be appropriate for the Court to so declare.

## PRAYER FOR RELIEF

Landlord denies that the Consulate is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

By setting forth these affirmative defenses, Landlord does not assume the burden of proof as to any fact or element of any cause of action for which the Consulate bears the burden of proof.

### First Affirmative Defense

The Consulate has failed to state a claim for which relief can be granted.

### Second Affirmative Defense

The Consulate's counterclaims are barred by the doctrine of unclean hands, laches, and estoppel.

### Third Affirmative Defense

The Consulate's counterclaims are barred by the Consulate's breach of the Lease and/or non-performance of its duties under the Lease.

### Fourth Affirmative Defense

The Consulate's counterclaims are barred because the Landlord acted in good faith and conformed with all applicable laws.

### Fifth Affirmative Defense

The Consulate's counterclaims are barred on the grounds that it has not suffered any legally cognizable harm that was caused by the Landlord's conduct as a result of the allegations in the Counterclaims.

### Sixth Affirmative Defense

The Consulate's counterclaims are barred because the counterclaims fail to allege facts sufficient to establish the required elements of a claim under M.G.L. ch. 93A.

**Seventh Affirmative Defense**

Landlord reserves the right to assert such other affirmative defenses as may become known during the course of discovery.

**DEMAND FOR A JURY TRIAL**

Landlord demands a trial by jury of 12 members as to all of the Consulate's Counterclaims.

**REQUESTED RELIEF**

WHEREFORE, having fully answered the Counterclaims against it, the Landlord respectfully requests that the Court:

a. Issue an order dismissing the Counterclaims as to the Landlord;

b. Award the Landlord its reasonable attorney's fees and costs incurred in the defense of this action; and

c. Grant the Landlord such further relief as the Court deems appropriate.

*[signature page to follow]*

Respectfully submitted,

Twenty Park Plaza, LLC

*By its attorneys,*


   */s/ Matthew L. Knowles*
Matthew L. Knowles (BBO #678935)
Audrey E. McQuade (BBO #707501)
MCDERMOTT WILL & SCHULTE
200 Clarendon Street, Floor 58
Boston, Massachusetts 02116-5021
Telephone: +1 617 535 4000
Fax: +1 617 535 3800
E-mail: mknowles@mcdermottlaw.com
      amcquade@mcdermottlaw.com


Dated: May 14, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2026, this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Matthew L. Knowles*
Matthew L. Knowles